IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

            Plaintiff,            ORDER

     v.              08-cr-150-bbc-03

JOANNA LOPEZ,

            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Joanna Lopez's supervised release was held on November 21, 2011, before U.S. District Judge Barbara B. Crabb. The government appeared by Assistant U.S. Attorney Elizabeth G. Altman. Defendant was present in person and by counsel, Peter A. Bartelt. Also present was Senior U.S. Probation Officer Michael D. Harper.

From the record and the parties' stipulation, I make the following findings of fact.

## FACTS

Defendant was sentenced in the Western District of Wisconsin on March 19, 2009, following her conviction for possession with intent to distribute cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 2. This offense is a Class

C felony. Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of five months, with a three-year term of supervised release to follow.

Defendant began her term of supervised release on March 19, 2009. On April 5, 2011, defendant violated Standard Condition No. 1, prohibiting her from leaving the judicial district without permission, when she traveled to the Dominican Republic. Defendant violated this condition again on October 17, 2011, when she traveled to the Dominican Republic once more. Defendant violated Standard Condition No. 2, requiring her to submit a truthful written monthly report within 5 days of the month, when she submitted her April 2011 report more than two months late and falsely reported that she had not traveled outside the district without permission. On October 28, 2011, defendant violated Special Condition No. 5, requiring her to participate in mental health treatment, when she failed to attend her required counseling session.

Defendant's conduct falls into the category of a Grade C violation. Section 7B1.3(a)(2) of the advisory guidelines provides that the court has the discretion to revoke supervised release, extend it or modify the conditions of release.

## CONCLUSIONS

Defendant's violations warrant revocation. Defendant traveled to the Dominican Republic twice without permission. Accordingly, the three-year term of supervised release

imposed on defendant on March 19, 2009, will be revoked.

Defendant's criminal history category is II. With Grade C violations, defendant has an advisory guideline range of imprisonment of 4 to 10 months. The statutory maximum to which defendant can be sentenced upon revocation is 24 months, pursuant to 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than two years if the offense for which the defendant was sentenced previously was a Class B felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence at the top of the guideline range to hold defendant accountable for her violations and achieve parity with the sentences of similarly situated persons who violate supervised release.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on March 19, 2009, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 10 months with no supervised release to follow. I recommend that defendant be placed in an institution as close as possible to her home.

Defendant is neither a flight risk nor a danger to the community. Accordingly, execution of the sentence of imprisonment is stayed until December 15, 2011, when defendant is to report between the hours of 10:00 a.m. and noon to an institution to be designated by further court order. In the interim, defendant is to follow the conditions of

supervised release imposed on her on March 19, 2009.

Defendant does not have the financial means or earning capacity to pay the cost of incarceration.

Entered this 21st day of November 2011.

                               BY THE COURT:
                               /s/
                               BARBARA B. CRABB
                               U.S. DISTRICT JUDGE